Strafford,
No. 4887.

WOLFEBORO *v.* MILTON.

Argued December 6, 1960.

Decided February 7, 1961.

*Jerry L. Thayer* for the plaintiff.

*Errol S. Hall, Walter A. Calderwood* and *Louis H. Silverman* (*Mr. Silverman* orally), for the defendant.

DUNCAN, J. Provision for relief and support at public expense of persons unable to support themselves has long been a part of our statutory law. 7 Laws of N. H. 836, 837 (1809); 9 Laws of N. H. 468 (1825); 9 Laws of N. H. 753 (1828). The ultimate burden of such relief has consistently been placed upon the town where the person aided had his settlement. Also without variation the statutes have imposed as a condition precedent to recovery over by the relieving town the requirement that it should first give the town claimed to be chargeable, ninety days' notice of the "sums . . . expended." While the phraseology of the notice provisions was subject to some variation in early years, the language of the present statute has remained virtually unchanged since the revision of 1842. R. S. [1842] c. 66.

This case is governed by RSA ch. 165. The material portions of section 20 are: "If any town shall expend any sum for the support . . . of a poor person having a settlement in some other town . . . such sum may be recovered of the town . . . so chargeable." Section 21 provides that no action shall be sustained unless a written notice shall first be given "stating the sums so expended"; and section

24 states: "Such notice shall be sufficient for all sums so expended within ninety days previous to such service, and for any sum so expended within one year thereafter." Finally, RSA 165:25 imposes upon such an action a limitation of three years from the time of service of the notice and provides that no action shall be sustained "for any sum that may have been expended more than ninety days previous to such notice."

Obviously one purpose of requiring ninety days' notice is to afford the town sought to be charged an opportunity to find out whether the person aided in fact has a settlement in that town so as to make it chargeable, a matter not always free from difficulty and frequently involving inquiry of persons having knowledge of the determinative facts. See RSA ch. 164. The three-year limitation imposed upon actions to recover over for sums expended (RSA 165:25 *supra*) may also be thought to indicate a legislative purpose to require prompt presentation of a claim while the facts are still capable of ascertainment.

The case before us raises the question of whether the statute requires notice of "sums . . . expended" to be given within ninety days of the time when the obligation is originally incurred, or whether a notice given within ninety days of payment of the obligation is sufficient to support recovery. The plaintiff maintains that the latter construction should be given to the statute, and that since the sum sought to be recovered was "expended" when it paid out $1,490.87 on November 9, 1959, the notice given on December 8, 1959 was sufficient. RSA 165:24, *supra*.

The defendant on the other hand takes the position that notice was required to be given within ninety days of November 29, 1957, when the plaintiff first incurred an obligation by authorizing the admission to the hospital.

We are of the opinion that the defendant's view should prevail. Considerations hereinbefore noted point to the probability that the Legislature intended to require early notice so that the town sought to be charged could promptly investigate the question of settlement, and should circumstances warrant make arrangements of its own choosing for further support. This purpose is likewise implicit in the provision, first made in 1842 (R. S. [1842] *c*. 66, *s*. 13), that notice properly given shall be sufficient "for any sum so expended within one year thereafter." RSA 165:24, *supra*.

Historical construction of this and earlier statutes confirms the defendant's position. The poor were commonly maintained upon

the town poor farm. See *Lee* v. *Deerfield*, 3 N. H. 290 (1825); *Chester* v. *Plaistow*, 43 N. H. 542, 543 (1862). Hence the words "sums . . . expended" were understood to mean "the value of supplies furnished," for which the town frequently expended no distinct amount. In *Lee* v. *Deerfield*, *supra*, the words of the statute were expressly so interpreted. See also, *Northwood* v. *Barrington*, 9 N. H. 369, 373 (1838) ("the value of supplies furnished and for which the town . . . had incurred a debt"); and *Chester* v. *Plaistow*, *supra* 546 ("the sum . . . which it has paid, or assumed to pay . . ."). No departure has been found from the early construction of the words "sums . . . expended" which were carried forward into later enactments.

Since no part of the obligation sought to be recovered by the plaintiff was incurred within the ninety days preceding notice to the defendant, under the established construction of the statute the notice was not seasonably given and was insufficient to permit maintenance of the action. RSA 165:25, *supra*. In accordance with the agreement of the parties the order must be

*Judgment for the defendant.*

All concurred.